## DUNCKLEE *v.* GAY.

A mortgagee of real estate rendering to an officer who has attached such estate, an account of the amount due him, as required by chapter 184, section 7, of the Revised Statutes, does not lose his right under his mortgage by stating, in consequence of a mistake in computing interest, an amount less than the amount due.

If the mortgagee, in such account, refer the officer to others for information concerning a part of his claim, the amount of which is not stated in the account, the account is not, therefore, insufficient, but upon the tender of such amount as is stated in the account, the mortgage, as against the attachment, will be discharged.

WRIT OF ENTRY. The case was submitted upon the following agreed statement of facts : The plaintiff claims under a mortgage from Jordan and Martin. The defendant claims under the levy of an execution against one Steele, to whom Jordan and Martin conveyed all their interest after their mortgage to the plaintiff. The defendant having a claim against Steele, sued him, attached the demanded premises, and obtained an execution, which was duly levied. The officer serving the defendant's writ demanded of the plaintiff an account under oath of the amount due him and secured by said mortgage at the time of the demand, and within fifteen days thereafter the plaintiff rendered to the officer the following account :

" Boston, January 8, 1857. *To Charles Scott, Deputy-Sheriff of the County of Hillsborough, State of New Hampshire :*

The amount due me, secured by mortgage on the estate in Francestown, formerly occupied and owned by Martin and Jordan, of which you demand and request an account, on the thirtieth day of December, 1857, is : Principal, $600.00; interest, $66.97; being $666.97, the amount of the mortgage debt, and interest. In addition thereto there is due me for costs and expenses of suit pending for the possession of said premises, an amount which I am

Duncklee *v.* Gay.

not able to state otherwise than by referring you to my attorney, George W. Morrison, of Manchester, N. H.

JOSEPH DUNCKLEE.

COMMONWEALTH OF MASSACHUSETTS. *Suffolk ss:* January 8, 1857. Personally appeared the above named Joseph Duncklee, and made oath that the above statement is true.          Before me,

MARK F. DUNCKLEE, *Justice of the Peace.*"

The amount stated in said account as due, was some forty dollars less than the true amount. The mistake arose from an error in computing the interest. After rendering said account, and before taking judgment on said mortgage, which was then in suit, the plaintiff, learning of said error, endorsed the amount of the same on the note secured by the mortgage, and conditional judgment was taken on the mortgage for the amount of the note, deducting said endorsement, and for $6.68 costs. Since said endorsement was made the plaintiff has not claimed the amount endorsed.

*Morrison & Stanley*, for the plaintiff.

*H. Foster*, for the defendant.

DOE, J. The first objection made to the account rendered by the plaintiff, is, that in consequence of an error in computing interest the amount stated as due was some $40 less than the amount actually due. It would be a great hardship if a mortgagee's security should depend upon his own skill in reckoning interest, or his ability to obtain a computation precisely accurate. The computation might be so complicated as to require mathematical proficiency by no means common, and different persons of unusual accuracy might not arrive at the same result. If the mortgagee should, by mistake, state the interest at less than its actual amount, or if, in order to be sure that

the amount stated were not too large, he should purposely state an amount less than that resulting from his computation ; and if he should be estopped to claim more than the amount stated in his account, the object of the statute would seem to be accomplished. A construction of the statute that would render the slightest mistake in favor of the attaching creditor a fatal defect in the account, or that would not allow the mortgagee, in the exercise of reasonable caution for his own safety, to state the amount due at less than he supposed it to be, would be extremely and unnecessarily severe.

The next objection is, that for the amount of costs the officer was referred to the plaintiff's attorney. The costs were as much a part of the amount due as the principal or interest of the mortgage debt. If the officer could be compelled to apply to the plaintiff's attorney to ascertain the amount of the costs, no reason appears why he might not also be compelled to apply to the attorney to ascertain the principal or the interest of the debt. And if he could not be compelled to enquire of an attorney at Manchester for all or any of the information to which he was entitled, it is not apparent why he might not be compelled to enquire of any other person at any other place. If the obligation to render an account could be discharged by the mere act of referring to other persons, the statute might always be avoided. The officer was not bound to do anything more than to demand an account of the plaintiff. If time, travel and trouble were required to collect the information necessary to render an account, they were not incident to the duty of the defendant or the officer.

The omission of the amount of costs in the account is not remedied by the mistake of stating the debt to be some $40 less than the real debt, although the amount of the costs not stated, but finally included in the plaintiff's judgment, was only $6.68. For aught that appears in the

account, the costs might have been more than the debt. The defendant was entitled to such a statement of the amount due as would guide him in determining whether he would pay the amount stated, and in tendering a sufficient and certain sum of money. He might, therefore, have regarded that part of the account which referred to costs and expenses as entirely irrelevant and immaterial, and proceeded as if costs and expenses had not been mentioned. The account gave no information of the amount of the costs and expenses, and the defendant was not bound to take notice of anything in the account except the amount due, or, at most, the data from which that amount could be calculated. The only sum due, stated in the account, was the amount of the debt and interest, ($666.97). By a tender to the plaintiff of that amount and interest to the time of the tender, his interest in the land attached would have ceased. And, in this view, the account was sufficient.

*Judgment for the plaintiff.*